## GREEN and Another v. STATE.*

### No. 11,169; January 20, 1887.

#### 12 Pac. 683.

**Waters—Canal—Sacramento and American Rivers—Act of 1885—Liability of State.**—The California act of March 12, 1885 (Cal. Stats. 1885, p. 107), authorizing suits to be brought against the state for damages caused by the destruction of property from the cutting of a canal by order of the levee commissioners, for the purpose of diverting the waters of the American river into the Sacramento river, by virtue of the California act of April 9, 1862, had merely the effect of submitting the state to the jurisdiction of the courts, and did not create any new ground of liability against the state.

**Waters — Changing Stream — Eminent Domain.**—Under the language of the California constitution, as it existed prior to the adoption of the new constitution of 1879, if, in pursuance of an act of the legislature, the channel of a river be turned or straightened where it empties into another river, so that the land on the opposite

---

*For subsequent opinion in bank, see 73 Cal. 29, 14 Pac. 610.

47

side of the river is destroyed or injured, the damage thus sustained is not a taking of the land for public use; following Green v. Swift, 47 Cal. 536.

APPEAL from Superior Court, Sacramento County.

A. L. Hart and C. T. Jones for appellants; E. C. Marshall, attorney general, and John T. Carey for the state.

SEARLS, C.—This cause was decided by Department 1 of this court, in an opinion filed July 14, 1886, affirming the judgment of the court below. A rehearing in bank was thereafter ordered, and the case again comes under review.

1. The act of March 12, 1885, authorizing the commencement of this action by plaintiffs against the state, simply empowered them to bring a suit, and to make the defendant a proper party thereto. It did not create for them a cause of action, or waive, on the part of the defendant, any defense which it had to such action. The state submitted itself to the jurisdiction of the court, subject to its right to interpose any defense which, as a sovereign state, it might lawfully urge to the action when instituted. The contention that the act of March 12, 1885 (Stats. 1885, p. 107), amounts to a legislative concession of the liability of the state, is not supported by sound reason. Were the state to pass a general law permitting all persons at will to institute suits against it, surely it would not be contended that such an act conceded the existence of a cause of action in favor of all persons bringing suits.

Ordinarily, and in theory, a sovereign state is presumed to be ready and willing to do justice to the citizen, without the necessity of invoking the assistance of the judicial arm; but, in exceptional and intricate cases, the legislative department finds itself inadequate to balancing and adjusting claims, depending upon the solution of abstruse questions of law. In such cases it is eminently proper that the question of legal obligation and the measure of damages be submitted for adjustment to that department of the government whose peculiar province it is to investigate and determine questions of like character. How such submission to the courts can be construed into a recognition of the existence of a cause of action we cannot comprehend.

It may be the legislature could, in a proper case, determine the liability of the state, and then refer the question of the amount of compensation to the courts, if it saw fit so to do. But in the present case it has not pursued that course. The language of the statute does not bear any such construction. We quote: "If it appears, upon the trial of any said actions, that damage has been done to the plaintiff by any act for which the state is legally liable," etc. To hold that this expression of legislative intent is to be construed as admitting a right to recover is to beg the question, and do violence to the statute. By authorizing the plaintiffs to bring suits against the state, the legislature simply remanded them to the courts for a determination of their rights, and no argument in favor of the liability of the state can be drawn therefrom which may not with equal force be urged in favor of any plaintiff against the defendant whom he is authorized to sue at law.

2. The whole question of the right of plaintiffs to recover was necessarily involved in the determination of Green v. Swift, 47 Cal. 536.

Agreeing, as we do fully, with the views expressed by Justice McKinstry in the former decision of this cause, we are of opinion the judgment heretofore rendered, affirming the judgment of the court below, should stand as the judgment of the court herein.

We concur: Belcher, C. C.; Foote, C.

By the COURT.—For the reasons given in the foregoing opinion the judgment is affirmed.

THORNTON, J.—I dissent from the judgment in the above-entitled action.